## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHATHAM CAPITAL MANAGEMENT IV,  )
LLC, a Georgia limited liability company,  )
                                           )
        Plaintiff,  )
                                           )
v.  )   Civil Action No. _____
                                           )
MUSE PAINTBAR, LLC, a Delaware limited  )
liability company; MUSE TRIBECA, LLC, a  )
Delaware limited liability company; and MUSE  )
HOLDINGS, LLC, a Delaware limited liability  )
company  )
                                           )
        Defendants.  )

---

## OPENING BRIEF IN SUPPORT OF
## MOTION FOR APPOINTMENT OF A RECEIVER

Dated:  August 29, 2019

BURR & FORMAN LLP

Richard R. Robinson (No. 5059)
J. Cory Falgowski (No. 4546)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
Telephone: (302) 830-2300
Email: rrobinson@burr.com
           jfalgowski@burr.com

- and –

Graham H. Stieglitz (*Pro Hac Vice Pending*)
171 17th Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Email: gstieglitz@burr.com

*Attorneys for Plaintiff Chatham Capital Management IV LLC*

34160646 v1

**TABLE OF CONTENTS**

**Page**

SUMMARY OF POSITION……………………………………………………………1

STATEMENT OF FACTS…………………………………………………………...3

ARGUMENT………………………………………………………………………...4

    A.    Chatham is Entitled to the Appointment of a Receiver
        Based on the Court's Inherent Equitable Powers………………………….5

        1.    The Public Interest Would be Served By the Appointment
               of a Receiver……………………………………………………….5

        2.    Chatham Has a Valid Claim Against Defendants…………………6

        3.    The Collateral Is in Imminent Danger of Being Diminished
               in Value…………………………………………………………….7

        4.    If Chatham is Not Entitled to a Receiver at Law, Chatham's
               Legal Remedies Are Inadequate and No Less Drastic Equitable
               Remedy Exists, and a Receiver Needs to be Appointed in Equity...9

        5.    The Harm to Chatham by Denying the Appointment of a
               Receiver Outweighs Any Harm Suffered by Defendants
               by Appointment…………………………………………………….9

        6.    The Lack of Evidence of Fraud Does Not Prevent Appointment
               of a Receiver……………………………………………………….11

CONCLUSION……………………………………………………………………12

i

**TABLE OF CONTENTS**

Page

SUMMARY OF POSITION…………………………………………………………1

STATEMENT OF FACTS………………………………………………………...3

ARGUMENT…………………………………………………………………...4

    A.    Chatham is Entitled to the Appointment of a Receiver
Based on the Court's Inherent Equitable Powers………………………….5

        1.    The Public Interest Would be Served By the Appointment
of a Receiver……………………………………………………………….5

        1.    Chatham Has a Valid Claim Against Defendants…………………6

        2.    The Collateral Is in Imminent Danger of Being Diminished
in Value…………………………………………………………….7

        3.    If Chatham is Not Entitled to a Receiver at Law, Chatham's
Legal Remedies Are Inadequate and No Less Drastic Equitable
Remedy Exists, and a Receiver Needs to be Appointed in Equity...9

        4.    The Harm to Chatham by Denying the Appointment of a
Receiver Outweighs Any Harm Suffered by Defendants
by Appointment…………………………………………………….9

        5.    The Lack of Evidence of Fraud Does Not Prevent Appointment
of a Receiver……………………………………………………….11

CONCLUSION…………………………………………………………………12

i

## TABLE OF AUTHORITIES

**Cases**

*Adelman v. CGS Sci. Corp.*, 332 F. Supp. 137 (E.D. Pa. 1971) ..................................................... 8

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316–17 (8th Cir. 1993)............ 5

*Cadence Bank, N.A. v. Manausa Holdings, LLC*, 2012 WL 1252494, at *3 (N.D. Fla. Mar. 30, 2012) ...................................................................................................................................... 5

*Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322 (1st Cir. 1988).............................. 5

*H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129 (Del. Ch. 2003)................................................ 6

*Isaac v. Milton Mfg. Co* .............................................................................................................. 10

*Manufacturers & Traders Tr. Co. v. Minuteman Spill Response, Inc.*, 999 F. Supp. 2d 805, 825 (W.D. Pa. 2013) ......................................................................................................................... 5

*Maxwell v. Enterprise Wall Paper Mfg. Co.,* 131 F.2d 400 (3d Cir.1942)..................................... 4

*McDermott v. Russell,* 523 F.Supp. 347 (E.D.Pa.1981), *aff'd,* 722 F.2d 732 (3d Cir.1983) ...... 4, 6

*Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823 (3d Cir. 1959).................................................. 5

*National Credit Mqmt. Group, L.L.C.,* 21 F.Supp.2d 424 (D.N.J.1998) ........................................ 4

*Nat'l Credit Mgmt. Grp., L.L.C.*........................................................................................................ 9

*Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291-92 (11th Cir. 1998) ...... 4

*New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287 (E.D. Cal. 1991).................... 4

*New York Life Insurance Co. v. Watt West Investment Corp* ......................................................... 7

*Otero v. Vito*, 2008 WL 4004979, at *2 (M.D. Ga. Aug. 25, 2008) .............................................. 4

*Pressman-Gutman Co., Inc.*, 459 F.3d 383 (3rd Cir. 2006) ........................................................... 8

*Resolution Trust Corp. v. Fountain Circle Associates Ltd. Partnership* ......................................... 7

*Rumbaugh v. Beck*, 491 F. Supp. 511, 520 (E.D. Pa.), *aff'd,* 636 F.2d 1210 (3d Cir. 1980) .......... 4

*S.E.C. v. First Financial Group of Texas* ................................................................................. 5, 6

*Sterling v. Stewart*, 158 F.3d 1199, (11th Cir. 1998)..................................................................... 4

**Federal Rules**

Fed. R. Civ. P. 66.......................................................................................................................... 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHATHAM CAPITAL MANAGEMENT IV, LLC, a Georgia limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. _____ ) |
| MUSE PAINTBAR, LLC, a Delaware limited liability company; MUSE TRIBECA, LLC, a Delaware limited liability company; and MUSE HOLDINGS, LLC, a Delaware limited liability company | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

---

**BRIEF IN SUPPORT OF MOTION FOR APPOINTMENT OF RECEIVER**

Plaintiff, Chatham Capital Management IV, LLC, a Georgia limited liability company ("**Chatham**"), hereby files this brief (this "**Brief**") in support of its *Motion for Appointment of Receiver* filed contemporaneously herewith ("**Motion for Receiver**").[1]  In support of the Motion for Receiver, Chatham submits the following:

**.SUMMARY OF POSITION**

Muse Paintbar, LLC ("**Muse**")  is 100% owned by Muse Holdings, LLC ("**Holdings**") and owns 100% of Muse Tribeca, LLC ("**Tribeca**", and together with Holdings, each individually and collectively, a "**Guarantor**"; the Guarantor and Muse, each individually and collectively, the "**Defendants**" or "**Company**").  The Company's business model combines painting instruction with food service with approximately thirty-one locations operating in nine

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion for Receiver or the Complaint.

states: Connecticut, Massachusetts, Maryland, Maine, New Hampshire, New York, Pennsylvania, Rhode Island, and Virginia. The Company employs over 300 employees. Defendants are in default on its now matured approximately $13.9 million of indebtedness due and owing to its primary lender Chatham[2]. Chatham holds a first lien on substantially all of Defendant's assets.

Chatham believes it has given the Defendants ample opportunity to manage their operations but now seeks the appointment of a receiver to stave off further diminution of value. On June 21, 2019, Chatham gave Muse notice of its significant non-compliance, including the failure to make principal and interest payments on the Loans[3] and the failure to deliver audited financial statements as required. *Wang Affidavit*, Ex. #18. Thereafter, on July 18, 2019, Chatham notified Defendants of defaults. *Wang Affidavit*, Ex. #19. On July 29, 2019, Chatham gave notice that, on account of the previous and ongoing events of default as identified in the prior letters, Chatham declared Muse in default under the Loan Documents. *Wang Affidavit*, Ex. #20. Further, on August 19, 2019, Chatham accelerated the Loans and, as such, all obligations are due and payable in full. *Wang Affidavit*, Ex. #21. Lastly, on August 26, 2019, Chatham gave Defendants notice that the Obligations shall bear interest at the Post-Default Rate from the date of the earliest occurring Event of Default. *Wang Affidavit*, Ex. #25.

Chatham has determined the best path forward, for itself, the Defendants, and the Defendants' employees, is to seek the appointment of a receiver in order to allow the Company to continue operating without shutting down. This relief permits the Defendants' operations to

---

[2] Chatham serves as Agent, Administrative Agent and Collateral Agent (collectively, "**Agent**") for the secured party, via assignment, EAD, LLC, a Georgia LLC.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Loan Agreement.

2

continue without any interruption and provides a pathway for necessary cash infusion into the operations. Based upon non-payment of rent when due, the Company has received notices of default and eviction notices from various landlords. The Company will not be able to meet September 1, 2019 rent obligations. Further, Defendants failed to notify Chatham of a pending litigation that would have a Material Adverse Effect. Moreover, an audit report by the Defendants own auditors, with a qualified opinion on going concern, necessitated a restatement of the Company's financials, which reduced the Company's reported actual EBITDA from $4.2 million to $2.0 million. The current owners are unable and/or unwilling to make the necessary cash infusions to adequately fund the Company as a going concern. As such, time is of the essence. Given the current management and defaults, Chatham is currently unwilling to advance funds to the Company, however Chatham would be willing to advance funds to a court-appointed receiver managing the operations. During the pendency of the receivership, the Company's finances can be restructured and, once stabilized, the Company can continue to operate thereafter. Chatham has consulted with Defendants regarding these concerns and the Defendants agree with and consent to the appointment of Katie S. Goodman and GGG Partners, LLC as receiver over Defendants pursuant to the terms set forth in the proposed order attached to the Motion for Appointment of Receiver filed contemporaneously herewith.

## STATEMENT OF FACTS

In the interest of brevity and to avoid duplicative exhibit filings, Chatham hereby incorporates as if fully set forth herein, the Statement of Facts included in its Motion for Receiver. Those facts are verified by the affidavit of Chatham Partner, Lin Wang ("**Wang Affidavit**"). There is overwhelming evidence that Defendants are in default on their Obligations to Chatham in numerous ways and Chatham has perfected first priority liens on substantially all of Defendants' assets.

**ARGUMENT**

The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles. *See* Fed. R. Civ. P. 66 advisory committee's note; *Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998); *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp.*, 153 F.3d 1289, 1291-92 (11th Cir. 1998); *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287, 289-92 (E.D. Cal. 1991). This is because "[t]he appointment of a receiver in a diversity action is a remedy ancillary to the enforcement of substantive rights." *Otero v. Vito*, 2008 WL 4004979, at *2 (M.D. Ga. Aug. 25, 2008) (quoting *Nat'l P'ship Inv. Corp.*, 153 F.2d at 1292).

While the appointment of a receiver is an extraordinary remedy, it is appropriate "on a showing of fraud or the imminent danger of property being lost, injured, diminished in value or squandered, and where legal remedies are inadequate." *McDermott v. Russell,* 523 F.Supp. 347 (E.D.Pa.1981), *aff'd,* 722 F.2d 732 (3d Cir.1983); *see Maxwell v. Enterprise Wall Paper Mfg. Co.,* 131 F.2d 400 (3d Cir.1942); *In re National Credit Mgmt. Group, L.L.C.,* 21 F.Supp.2d 424, 463 (D.N.J.1998). In situations where a corporation's assets are being wrongfully diverted or where the corporation is being grossly mismanaged, the appointment of a receiver is, of course, not unprecedented. *Rumbaugh v. Beck*, 491 F. Supp. 511, 520 (E.D. Pa.), *aff'd,* 636 F.2d 1210 (3d Cir. 1980). While there is no precise and exact formula for determining whether or not a receiver should be appointed, district courts consider the following equitable factors:

> (1) the probability of the plaintiff's success in the action; (2) the possibility of irreparable injury to the plaintiff's interests in the property; (3) the inadequacy of the security to satisfy the debt; (4) the probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim; (5) the financial position of the debtor; (6) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (7) the inadequacy of available legal remedies; (8) the lack of a less drastic equitable remedy; and (9) the likelihood that appointing a receiver will do more harm than good.

34118005 v4

4

*Manufacturers & Traders Tr. Co. v. Minuteman Spill Response, Inc.*, 999 F. Supp. 2d 805, 825 (W.D. Pa. 2013); *see also Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959) ("the common law rule is clear that where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate the appointment of a receiver should not be granted."); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316–17 (8th Cir. 1993).

A.    **Chatham is Entitled to the Appointment of a Receiver Based on the Court's Inherent Equitable Powers.**

Federal courts evaluating whether the appointment of a receiver is appropriate have applied a number of factors. *See e.g. Manufacturers & Traders Tr. Co.*, 999 F. Supp. 2d at 825; See also *Cadence Bank, N.A. v. Manausa Holdings, LLC*, 2012 WL 1252494, at *3 (N.D. Fla. Mar. 30, 2012) (citing *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326–327 (1st Cir. 1988)) (holding appropriate factors include "whether there has been fraud, whether there is imminent danger that the property will be lost, the inadequacy of legal remedies, the probability that harm to the plaintiff by denial of appointment will be greater than the injury to the defendant, the likelihood of success on the merits, whether the plaintiff's interest may be irreparably injured without an appointment, and whether the interests of all will be well served by a receivership."). These factors, taken as a whole, weigh in favor of the appointment of a receiver in this case.

1.    **The Public Interest Would be Served By the Appointment of Receiver.**

In this case, the public interest at issue requires the appointment of a receiver. Federal courts evaluating whether to appoint a receiver have looked to whether doing so would serve the public interest. In *S.E.C. v. First Financial Group of Texas*, the Securities and Exchange Commission brought a civil enforcement action against a securities dealer and its officers to

34118005 v4                                   5

enjoin the purchase and sale of securities by defendants because of alleged violations of the antifraud provisions of federal securities laws.  645 F.2d 429, 431 (5th Cir. 1981).  The Fifth Circuit affirmed the appointment of the receiver as a proper exercise of the district court's discretionary equitable powers.  As part of its analysis, the Fifth Circuit found that the appointment of the receiver as requested by the SEC would help prevent public harm by preventing diversion and waste by the defendants.  *Id.*  at 481.

In the present case, the same concerns about diversion and waste weigh in favor of the appointment of a receiver to serve the public interest. Public interest is served by compelling parties to honor their agreements, such as Defendants paying their Obligations under the Loan Documents and ensuring that the viability of the Defendants' business continues and allows for continued employment for the Defendants' employees.

### 2.	Chatham Has a Valid Claim Against Defendants.

For the appointment of a receiver, a plaintiff must "show the existence of some legally recognized right held by the creditor (plaintiff) in the debtor's (defendant) property amounting to more than a mere claim against the debtor (defendant)." *McDermott v. Russell*, 523 F. Supp. 347, 352 (E.D. Pa. 1981), *aff'd,* 722 F.2d 732 (3d Cir. 1983).  This case is a simple, straightforward, breach of contract action. In Delaware, the elements of a breach of contract are well established. "Under Delaware law, the elements of a breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation by the defendant and (3) resulting damages to the plaintiff." *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003).

The Wang Affidavit provides evidence as to each of the above elements, and clearly establishes that Chatham has a valid claim against Defendants.  Defendants executed each of the Loan Documents evidencing the Loan Obligations. *See* Wang Affidavit, ¶¶ 28-33.  Chatham has complied with its commitments under the Loan Documents.  *See* Wang Affidavit, ¶¶ 28-37.

Defendants' failure to comply with the terms and covenants of the Loan Documents and to make payment when due under the Loan Documents constitutes multiple defaults under the Loan Documents. *See* Wang Affidavit, ¶¶ 34-37. Finally, Chatham has been injured by Defendants' failure to repay the amounts due under the Loan Documents. Currently, Defendants owes in excess of $13.9 million under the Loan Documents, in addition to attorneys' fees and costs, both that have been incurred and that continue to accrue. *See* Wang Affidavit, ¶ 37.

The facts alleged by Chatham in the Complaint and the Motion for Receiver set forth a straightforward case against Defendants for their breach of the Loan Documents. *See Cadence Bank*, 2012 WL 1252494, at *4 (finding that the likelihood of success on the merits was great where the undisputed facts showed that monthly payments on the mortgage had been in default for one year). Chatham has sufficiently established that it has a valid claim against Defendants, as well as the likelihood that it will succeed in obtaining the general relief sought by the Complaint. The Loans are secured by Chatham's perfected first priority liens in substantially all of the assets of Defendants.

### 3.    The Collateral Is in Imminent Danger of Being Diminished in Value.

Federal courts addressing this issue have found that the appointment of a receiver is appropriate where the subject property is in danger of being reduced in value. In *Resolution Trust Corp. v. Fountain Circle Associates Ltd. Partnership*, the court found that the property was not being maintained, and "[a]s a result, the value of the property is decreasing . . . ." 799 F.Supp. 48, 52 (N.D. Ohio 1992). In addition, the court in *New York Life Insurance Co. v. Watt West Investment Corp.*, found that there was imminent danger that the property may be diminished in value as the plaintiff had shown "that the property [was] not being properly administered, resulting in the likely departure of a major tenant." 755 F.Supp. 287, 293 (E.D. Cal. 1991). Similarly, courts within the Third Circuit have acknowledged that "a receiver take[s]

34118005 v4                                         7

possession of and preserves, pendent lite, and for the benefit of the party ultimately entitled to it, the fund or property in litigation." *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 393 (3rd Cir. 2006) (internal quotations omitted). It is for this reason that "[t]he basic consideration in appointing a receiver or a custodian is the necessity of protecting, conserving and administering property pending final disposition of a suit." *Adelman v. CGS Sci. Corp.*, 332 F. Supp. 137, 147 (E.D. Pa. 1971).

The Defendants here, like the defendants in the aforementioned cases, have failed to properly maintain and administer the Collateral. In this instance, the diminution is occurring because of Defendant's failure to operate the business under a stable financial model. As described more fully in the Motion for Receiver, over the last couple of years Defendant have failed to operate the business within the agreed upon terms of the Loans, its financial and other covenants itself being a template for a stable financial model.

Defendants' increasingly unstable financial condition poses a threat to the continuing value of the business, and hence Chatham's Collateral, which is essentially all assets of Defendants. As a result, Defendants' failure to right its business operations is akin to the defendant's failure to maintain the properties at issue in *Resolution Trust Corp.* and *New York Life*, creating an imminent danger that the Collateral will be diminished in value if a receiver is not appointed to take control of the collateral. An indication of the imminent threat is made clear as a creditor received substantial judgment *by default* against Muse. The Defendants financial distress is becoming widely known to at least the employees and lessors and a failure to act expeditiously will be catastrophic to the going concern value of the Company.

4.    **If Chatham is Not Entitled to a Receiver at Law, Chatham's Legal Remedies Are Inadequate and No Less Drastic Equitable Remedy Exists, and a Receiver Needs to be Appointed in Equity.**

In the case at hand, if the contract documents are insufficient to support the appointment of a receiver with broad authority, then Chatham would not have an adequate remedy at law if a receiver is not appointed to take control of and preserve the value of the Collateral. A money judgment will be insufficient as Muse has repeatedly defaulted on its obligations to Chatham. In *In re Nat'l Credit Mgmt. Grp., L.L.C.*, a court found that the appointment of a receiver was warranted to prevent dissipation of assets of a credit repair company that was found to have made misrepresentations or violated state and federal statutes. 21 F. Supp. 2d 424, 463 (D.N.J. 1998). In *Cadence Bank*, a case involving the receivership of an apartment complex, the court found "Plaintiff's legal remedies are profoundly inadequate. An action for damages cannot adequately compensate Plaintiff since the debtor on the note does not have the funds to make the payments as agreed." 2012 WL 1252494, at *3.

Here, Chatham's remedy of seizure will not provide it with an adequate remedy to recover the obligations owed by Defendants because the value of the Collateral will continue to decline. The Defendants' failure to properly maintain the Collateral will cause a steady decline in its value. Similar to the defendant in *Cadence Bank,* the Defendants' defaults, along with its history of poor financial decisions, evidence Defendants' lack of financial resources to satisfy any monetary judgment that Chatham could acquire in the future. As a result, a money judgment against Defendants is a legally inadequate remedy. Moreover, the damage to the reputation of Defendants, as a going-concern, would be immense and further deteriorate the value of the Collateral.

5.    **The Harm to Chatham by Denying the Appointment of a Receiver Outweighs Any Harm Suffered by Defendants by Appointment.**

An emergency exists in this case because Defendants' weak and unstable financial position and attendant inability to meet its Obligations under the Loan Documents creates an imminent danger of further deterioration and/or diminution in the value of the Collateral. Chatham is also entitled to appointment of a receiver because, without it, Chatham will suffer irreparable loss, which loss far outweighs any conceivable harm to Defendants in the event a receiver is appointed for the Collateral. *See, e.g.*, *Resolution Trust Corp.*, 799 F.Supp. at 52; *New York Life*, 755 F.Supp. at 292-93. Defendants' weak and unstable financial position and attendant inability to meet its Obligations creates an imminent danger of further deterioration and/or diminution in the value of the Collateral. As Defendants are unable to satisfy its Obligations under the Loan Documents, the only satisfaction that Chatham will realize is from its Collateral as an operating business.

Defendants' substantive rights would remain unaffected by the appointment of a receiver. In *Isaac v. Milton Mfg. Co.*, the court explained that the appointment of a receiver "determines no substantive right, nor is it a step in the determination of such a right, a receivership is only a means to reach some legitimate end sought through the exercise of the extraordinary powers of a court of equity. It is not an end in itself." 33 F. Supp. 732, 734 (M.D. Pa. 1940); *See also Resolution Trust Corp.*, 799 F.Supp. at 52 (holding that "[a]ny harm to [the defendant] in appointing a receiver is minimal," stating that "[a]ppointment of a receiver is not a substantive right, but is a remedy that is ancillary to the primary relief . . . . Appointment does not have a direct effect on the final outcome of the suit. Therefore, [the defendant's] substantive rights remain unaffected by the appointment."). Thus the Defendants would suffer little harm by the appointment of a receiver.

Any harm that will result to Chatham is outweighed by the irreparable harm that will result to Defendants if a receiver is not appointed. In order to show irreparable harm, a party needs to show both that an emergency exists and that a receiver is necessary to protect the property interests of the plaintiff. *Manufacturers & Traders Tr. Co.*, 999 F. Supp. 2d at 818-19.

A receiver is necessary to protect the property interest of Chatham, because the only satisfaction that Chatham will realize is from its Collateral as an operating business. Additionally, as described above, harm will also befall other persons (both Defendants and employees of Defendants) if a receiver is not appointed. Furthermore, this irreparable harm to Chatham and the public outweighs any conceivable harm to Defendants if a receiver is appointed to take control of the business. As the court held in *New York Life Insurance Co.,* where a contract provides for the appointment of a receiver, "[t]here is little hardship in enforcing the terms of the parties' bargain." 755 F.Supp. at 293. Additionally, the appointment of a receiver would likely benefit Defendants, as a receiver is in the best position to preserve the value of the business.

**6.      The Lack of Evidence of Fraud Does Not Prevent Appointment of a Receiver.**

Finally, though there is no known evidence that Defendants have engaged or will engage in fraudulent conduct that may frustrate Chatham's claims against it, "[i]t is well settled that proof of fraud is not required to support a district court's discretionary decision to appoint a receiver." *Aviation Supply Corp.*, 999 F.2d at 317. Thus, the absences of this factor does not prevent the appointment of a receiver.

## CONCLUSION

Defendants have defaulted under the Loan Documents, and Chatham is entitled to the appointment of a receiver.  The equitable considerations involved in this case overwhelmingly support such an appointment.

Dated:  August 29, 2019                    BURR & FORMAN LLP

                                    By:    /s/  *Richard A. Robinson*
                                           Richard A. Robinson (No. 5059)
                                           J. Cory Falgowski (No. 4546)
                                           1201 N. Market Street, Suite 1407
                                           Wilmington, DE 19801
                                           Telephone: (302) 830-2300
                                           Email:  rrobinson@burr.com
                                                   jfalgowski@burr.com

                                           - and –

                                           Graham H. Stieglitz (*Pro Hac Vice Pending*)
                                           Burr & Forman LLP
                                           171 Seventeenth Street, N.W., Suite 1100
                                           Atlanta, Georgia  30363
                                           Telephone:  (404) 815-3000
                                           Email:  gstiegli@burr.com

                                           *Counsel for Chatham Capital Management IV LLC*

34118005 v4                        12

## CERTIFICATE OF SERVICE

I, Richard A. Robinson, hereby certify that on August 29, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on August 28, 2019, I caused the foregoing document was served via U.S. First Class Mail to the parties listed below:

Muse Paintbar, LLC
c/o A Registered Agent, Inc.
8 The Green, Ste A
Dover, DE 19901

Muse Holdings, LLC
c/o A Registered Agent, Inc.
8 The Green, Ste A
Dover, DE 19901

Muse Tribeca, LLC
c/o A Registered Agent, Inc.
8 The Green, Ste A
Dover, DE 19901

Muse Paintbar, LLC
Muse Tribeca, LLC
Muse Holdings, LLC
379 West Broadway #301
New York, NY 10012
Attn: Stan Finch, President

Muse Paintbar, LLC
Muse Tribeca, LLC
Muse Holdings, LLC
329 Greenwich St.
New York, NY 10013
Attn: Ray Weaver

Frenkel Sukhman LLP
500 White Plains Rd.
Suite 500, 5th floor
Tarrytown, NY 10591
Attention: William Frenkel

Archer & Greiner P.C.
630 Third Avenue
7th Floor
New York, NY 10017
Attention: Gerard DiConza

Golenbock Eiseman Assor
Bell & Peskoe
711 Third Avenue
New York, NY 10017
Attention: Michael S. Weinstein &
Jonathan Flaxer

Kepler Group LLC
c/o CT Corporation System
28 Liberty St.
New York, NY 10005

Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022

Massachusetts Department of Revenue
Attn: Collections Bureau
PO Box 7021
Boston, MA 02204-7021

34118005 v4

13

NH Department of Revenue Administration
Attn: Collections Division
PO Box 454
Concord, NH 03302-0454

 WW 379 W. Broadway LLC
115 W. 18th St.
New York, NY 10011

Red Oak of the Opera, LLC and 40 West
Broadway Trust
c/o Red Oak Apartment Homes, LLC
289 Pine Street
Manchester, NH 03103

SOF-1X BlueBack Square
Holdings, L.P.
c/o Starwood Retail Partners
1 E Wacker Drive, Suite 2600 Chicago, IL
60601

Casco View Holdings, LLC
261 Commercial Street
P.O. Box 11409
Portland, ME 04104

River Stone Properties, LLC
236 Richmond Townhouse Road
Carolina, RI 02812

Q Sono, LLC
c/o WFL Real Estate Services, LLC
162 East Avenue, Suite 1A
Norwalk, CT 06851

NPP Development LLC
One Patriot Place
Foxborough, MA 02035

Samuels & Associates Hingham LLC
333 Newbury Street
Boston, MA 02115

76 Mamaroneck Avenue, LLC
c/o Silverman Realty Group, Inc.
237 Mamaroneck Avenue
White Plains, NY 10605

RAVID Middle Neck LLC
c/o Cohen Equities
675 Third Avenue, Suite 2400
 New York, NY 10017

FC Yonkers Associates, LLC
c/o Forest City Ratner Companies
One MetroTech Center
Brooklyn, NY 11201

Renaissance Development II LLC
c/o Albanese Organization, Inc.
1050 Franklin Avenue
Garden City, NY 11530

Street Retail, Inc.
c/o Federal Realty Investment Trust
1626 East Jefferson Street
Rockville, MD 20852

Market Street Retail North, LLC
c/o WS Asset Management, Inc.
33 Boylston Street, Suite 3000
Chestnut Hill, MA 02467

SMCB Associates, LLC
P.O. Box 4129
Linden, NJ 07036

Glastonbury Somerset, LLC;
Darien Somerset, LLC
Flanders Somerset, LLC
c/o The HB Nitkin Group
230 Mason Street
Greenwich, CT 06830

AH Columbus II, L.L.C.
222 Central Park Avenue, Suite2100
Virginia Beach, Virginia 23462

Federal Realty Investment Trust
1626 East Jefferson Street
Rockville, MD 20852-4041

Washingtonian Lake Retail L.L.C.
c/o The Peterson Companies
12500 Fair Lakes Circle Suite 400,
Fairfax, Virginia 22033

34118005 v4

Annapolis Towne Centre at Parole, LLC
c/o Greenburg Gibbons Commercial
Corporation
10096 Red Run Boulevard, Suite 100
Owings Mills, MD 21117

ESKRIDGE (E&A), LLC
c/o Edens Limited Partnership
1221 Main Street, Suite 1000
Columbia, South Carolina 29201
Attn: Legal Department

NH-M OFFICE/RETAIL LLC
c/o The Peterson Companies
12500 Fair Lakes Circle
Suite 400,
Fairfax, Virginia 22033

VIRGINIA GATEWAY PROMENADE LC
c/o The Peterson Companies
12500 Fair Lakes Circle Suite 400,
Fairfax, Virginia 22033

Trylon Associates, Inc.
30 Upper Sheep Pasture Road
Setauket, NY 11733

Albemarle Place EAAP, LLC
c/o Edens Limited Partnership
1221 Main Street, Suite 1000
Columbia, SC 29201

JBG/King of Prussia Retail, L.L.C.
c/o JBG/Retail Management L.L.C.
4445 Willard Avenue, Suite 400
Chevy Chase, MD 20815

Kabro Associates of Woodbury LLC
113 Crossways Park Drive
Woodbury, NY 11797

JBG/Woodbridge Retail, L.L.C.
c/o The JBG Companies
4445 Willard Avenue, Suite 400
Chevy Chase, MD 20815

Legacy Place Properties LLC
c/o WS Asset Management, Inc.
33 Boylston Street, Suite 3000
Chestnut Hill, MA 02467

Terminal Tower
50 Public Square Suite 1360
Cleveland, Ohio 44113

Walker Realty, LLC
4 Lan Drive
Westford, MA 01886

GGCV Real Estate LLC
 c/o Greenberg Gibbons Commercial
Corporation
10096 Red Run Boulevard, Suite 100
Owings Mills, MD 21117

SOUTH OF MARKET LLC
c/o Boston Properties
2200 Pennsylvania Avenue NW, Suite
200W
Washington, DC 20037

RPAI Ashburn Loudoun, L.L.C.
c/o RPAI US Management LLC
2021 Spring Road, Suite 200
Oak Brook, Illinois 60523

The Connecticut Post Limited Partnership
c/o Centennial Real Estate Management, LLC
8750 North Central Expressway
Suite 1740
Dallas, TX 75231

Itria Ventures LLC
462 Seventh Avenue 20th Floor
New York, NY 10018

Corporation Service Company, as
Representative
P.O. Box 2576
Springfield, IL 62708

/s/  *Richard A. Robinson*
Richard A. Robinson (DE No. 5059)

34118005 v4                                    15