## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHATHAM CAPITAL MANAGEMENT IV,  )
LLC, a Georgia limited liability company,  )
                               )
        Plaintiff,  )
                               )
v.  )
                               )   Civil Action No. ___ **1 9 - 1 6 1 1**
MUSE PAINTBAR, LLC, a Delaware limited  )
liability company; MUSE TRIBECA, LLC, a  )
Delaware limited liability company; and MUSE  )
HOLDINGS, LLC, a Delaware limited liability  )
company  )
                               )
        Defendants.  )

## ORDER APPOINTING RECEIVER

This matter came to be heard upon the *Motion for Appointment of Receiver* (the "**Motion**"), filed by plaintiff Chatham Capital Management IV, LLC ("**Chatham**" or "**Plaintiff**"). The Motion was filed contemporaneously with Chatham's *Complaint for Breach of Contract and for Appointment of a Receiver* (the "**Complaint**"), commencing the instant action. The Complaint and Motion are filed against defendants Muse Paintbar, LLC ("**Muse**"), Muse Holdings, LLC ("**Holdings**") and Muse Tribeca, LLC ("**Tribeca**", and together with Holdings, each individually and collectively, a "**Guarantor**"; the Guarantor and Muse, each individually and collectively, the "**Defendants**" or "**Company**").

The Court, after notice and ~~an evidentiary hearing and~~ upon consideration of Defendant's consent, having considered the pertinent pleadings, evidence, and argument of counsel, finds that the appointment of a receiver is appropriate and the Motion is due to be granted as set forth herein:

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that the Motion is **GRANTED**, and that:

The Court finds that the appointment of a receiver for the assets and business operations of the Company is proper and should be granted for good cause shown as an equitable remedy based on the facts shown. All capitalized terms not otherwise defined herein have the same meaning given to them in the Complaint or Motion. The receiver's specific duties, rights, and obligations are set forth below.

1.    To the extent the Receiver is obligated to deliver notices, reports, budgets, requests, and other information to Chatham by the terms of this Order, the Receiver shall also contemporaneously deliver such papers to (a) counsel for the Company, Archer & Greiner, P.C., 630 Third Avenue, New York, New York 10017, Attn: Gerard DiConza; (b) counsel for certain members, Golenbock Eiseman Assor Bell & Peskoe LLP, 711 Third Avenue, New York, New York 10017, Attn: Jonathan L. Flaxer; (c) Defendants' counsel, if Defendants have separate counsel; and (d) Defendants at the following address: Muse, 379 West Broadway #301, New York, NY 10012, Attn: Officer (collectively, the "**Defendant Notice Parties**"). The Receiver is under no obligation to deliver any such papers to the Defendants' shareholders unless otherwise ordered by the Court. The deadline to respond to Chatham's complaint shall be extended to November 1, 2019 unless further ordered by the Court.

2.    GGG Partners, LLC, by and through its Managing Partner Katie S. Goodman, is hereby appointed receiver ("**Receiver**") of all of the Defendants' assets and operations, including all interests in real property, personal property, mixed property, all stock and ownership interests held by Defendants along with associated voting rights, trademarks, tradenames, all licenses,

2

34153704 v3

permits, all income, rents, profits and revenues of the business (the **"Property"**). Receiver is not an attorney for or related to any party to this action.

3. The Property includes, without limitation, all of the Company's assets, including management of business locations, as well as all books and records related to the assets and business, accounts receivable reports, revenues and proceeds of all assets, surety and performance bonds, letters of credit, security deposits, tax deposits, performance deposits, escrow deposits, deposit accounts, keys, access codes and cards, accounts, bank accounts, checkbooks, ledgers, accounts payable and accounts receivable records, leases, reports, insurance policies and certificates, executory contracts, leasehold interests, plans, specifications, drawings, surveys, technical manuals for all systems, together with operating procedures, passwords, security codes, warranties, records required to be kept under applicable safety, health care, and environmental laws, licenses, permits, any and all alcohol and/or liquor licenses, rights related to any state, federal, and local agencies and authorities, all tax benefits and rights, proffers, entitlements, trademarks, service marks, trade names, intellectual property rights, claims, causes of action, choses in action and in general all other information, data, instruments, documents, rights, properties or assets of any kind or character whatsoever (whether tangible or intangible and whether real, personal or mixed) forming a part of or related to the ownership, development, use, operation and/or management of any and all of the Company's assets, including any and all assets that Receiver needs to perform Receiver's duties.

4. Subject to control of this Court and the laws regarding receivership, Receiver is authorized, pursuant to this Order, to do any and all acts necessary for the proper and lawful conduct of the receivership. Specifically, the following orders are entered:

3

a. **Receiver's Exclusive and Complete Control over the Property and the Company.** Receiver is authorized to take and have complete and exclusive control and possession of the Property and the Company. Receiver is vested with all of the Property including the books, records, files, data, and information of the Company whether in the possession of Defendants or any other person or entity. Subject to the control of this Court and the other provisions of this Order, Receiver is authorized to execute any documents and take any actions it deems necessary or appropriate in its own name or in the name of the Company in furtherance of its duties as receiver.

b. **Bank Accounts**. Without any further action from the boards or managers of the Company, this Order authorizes Receiver to take control of existing bank accounts and to open any new bank accounts, and further authorizes Receiver to add and remove any existing signatories of any bank accounts. Receiver shall also be entitled to copies of any historical bank records of the Company.

c. **Company's Actions**. Until further order of the Court, any and all of the Company and any persons acting under their direction or in concert with them are: (1) directed to deliver the Property to Receiver or as otherwise directed by Receiver; (2) directed to advise the Receiver of the whereabouts of any Property of the Company not in Company's possession; (3) directed to assist the Receiver in the maintenance and assignment of the Property; (4) enjoined from disturbing the Receiver's use and possession of the Property or other property that is the subject of this Order in any way; (5) prohibited and restrained from disposing of, dissipating, mishandling, or misappropriating any of the Property or other property that is the subject of this Order; (6) prohibited from taking any actions that would, directly or indirectly, have an adverse

4

impact on the value of the Property; (7) prohibited and restrained from canceling, reducing or modifying any and all insurance coverage in existence with respect to the Property; and (8) prohibited and restrained from collecting any sums due to the Company. Reasonable expenses of complying with this paragraph shall be borne by the Company.

d. **Receiver's Right to Prevent Waste of, and to Preserve and/or Enhance the Property**. Effective immediately, Receiver is directed to take any and all actions Receiver deems commercially reasonable and appropriate to keep operating the business, provide services to the business, to prevent waste to the Property, to preserve, secure, manage, maintain, safeguard, and enhance the Property and all other forms of property to which Receiver is entitled to take possession and control under this Order, and may, where appropriate in the exercise of its business judgment, take actions to enhance the business services, and the value of the Property. Receiver shall take reasonable actions to ensure that it complies with all laws applicable to the possession, use, occupancy, management, operation, and maintenance of the Property as provided under any and all laws and regulations.

e. **Budget**. Beginning in September 2019, on or before the fifteenth (15th) day in the month, and on or before the same day of every month thereafter until the receivership created by this Order is terminated, Receiver shall use its best efforts to furnish to Defendants, the Defendant Notice Parties and Chatham a detailed, projected, monthly operating budget for the fiscal year for Receiver and the Property (as may be amended from time to time, the "**Budget**"). Chatham shall advise Receiver in writing within ten (10) days after receipt of the Budget, or any amendment thereof, whether Chatham disapproves of the Budget, or any amendment thereof. If Receiver and Chatham are unable to resolve any

5

34153704 v3

dispute concerning the Budget, any party may petition the Court for a hearing to resolve such dispute; provided, however, that (subject to paragraph 4.k below) the Receiver is authorized, but not required, to make any payments under the Budget unless otherwise ordered by the Court.

f.  **Receiver's Right to Manage, Maintain, and Operate the Company and the Property**. Receiver is authorized to manage and operate the Company and the Property, including, at Receiver's sole discretion, appointing the Receiver as the sole director, officer, member, board member, and manager, as applicable, of each of the Defendants and all of their wholly owned direct or indirect subsidiaries; provided, however, that the decision of the Receiver not to appoint itself as director, officer, member, board member or manager shall not affect Receiver's authority to manage and control the Company and the Property as otherwise set forth herein. Receiver is further authorized to operate the business and to employ, terminate or pay such employees, contractors, brokers, accountants, attorneys, and other persons and professionals as Receiver may in its sound business judgment deem necessary or appropriate in the management, conduct, control, or custody of the affairs of Company and the Property. Receiver is further authorized, but not required, to enter into new leases for business operations, renegotiate existing leases, or terminate existing leases. Receiver is further authorized, but not required, in its sole discretion, to make payments and disbursements in the ordinary course of business, to make such payments and disbursements as may be necessary and proper for the preservation, maintenance, security, and enhancement of the Property, and to make such other payments and disbursements as may be ordered by the Court. Receiver may, but shall not be required to, perform under any contract or lease entered into prior to the date on which

6

34153704 v3

it assumes possession of the Property. Prior to taking any action previously authorized in this subparagraph, Receiver shall obtain any such approvals and/or consents that Company would be required to obtain under applicable laws and regulations prior to taking any such action.

g. **Receiver Authorized to Market and Sell the Property**. Receiver is authorized to market and sell pieces of the Property, with the consent of Chatham, where the sale price of the individual asset is less than $50,000. The sale of any assets having a sale price in excess of $50,000 may be approved only on the prior consent of Chatham and authorization of the Court, after notice and right to be heard to any applicable lien-holders affected by the proposed sale, the Defendant Notice Parties, Chatham, and any other creditor or party in interest requesting notice in writing and served on the Receiver. Subject to such notice and approval, Receiver is authorized to sell all or a portion of the Property and other asset, and execute on Defendants' behalf any necessary documents in connection with such sale and/or assumption and to apply any sale proceeds as specified in any applicable order approving such sale. Chatham shall be entitled to credit bid an amount equal to the Outstanding Indebtedness as of the date of its bid. To the extent not otherwise satisfied, all liens, claims, interests, and encumbrances on any Property sold shall attach to any and all proceeds of such sale in the priority they now attach to the Property and Receiver is authorized to disburse such proceeds in accordance with the priority of such liens.

h. **Receiver's Right to Collect Amounts Due**. Receiver is authorized to receive and collect any and all sums due or owing to Company in any manner related to the Property, whether the same are now due or shall hereafter become due and owing, to deposit such

34153704 v3

sums into an account established and maintained by Receiver, and to expend such sums on the operation and management of the Property in the ordinary course of its business. All persons in possession of the Property or any portion thereof are hereby directed to attorn to Receiver, and until further order of this Court are hereby: (i) directed to pay over to Receiver or its duly designated agent all rents, revenues, proceeds, or other sums payable with respect to the Property which are now due and unpaid or hereafter become due, and (ii) enjoined and restrained from paying to Company or their agents, officers, directors, employees, or attorneys any such rents, revenues, proceeds, or other sums.

i.   **Disputes and Legal Actions Related to the Property and the Company**. Subject to the provisions of Paragraph 1, Receiver is authorized to litigate, investigate, negotiate, and compromise for the Company any and all disputes related to the Property or to the Company. The Receiver can do so in its own name or in the name of the Company.

j.   **Insurance**. Receiver is authorized to maintain appropriate property insurance for the Property and Company, public liability insurance, worker's compensation insurance, fire and extended coverage insurance, malpractice, health care, burglary and theft insurance, Directors and Officers Liability insurance and other types of insurance normally obtained in connection with the operation and management of the Property and Company, and is authorized to continue any current policies in place and to purchase further insurance as Receiver deems appropriate.

k.   **Payment of Taxes; Preparation and Filing of Tax Returns for the Property**. Receiver is authorized to (i) pay all current and past due taxes, and any other taxes and any other governmental assessments against the Property, and (ii) prepare and file tax returns with respect to the Property, and other property subject hereto, as may be required by law,

8

34153704 v3

Nothwithstanding anything contained in this Order, (i) at least one of the current managers or directors of each Defendant (the "Tax Manager") will retain the right and authority to prepare or cause to be prepared and file the income tax returns for the Defendants, (ii) the Receiver will cooperate and cause the Defendants to cooperate with the Tax Manager in the preparation of such returns, including by providing him access to the relevant books and records of Defendants, and (iii) the Receiver will have the right to review and comment on these returns prior to filing. All professional advisor costs associated with the preparation and filing of such returns (but not any taxes shown as due thereon) will be borne by the Company. Receiver is authorized to negotiate with the Internal Revenue Service and other taxing authorities concerning any past due taxes that the Company may owe and, in connection therewith, Receiver may execute a power of attorney on behalf of the Company authorizing Receiver to conduct such negotiations. However, other than as set forth both in a budget and in any payment plan approved by both the IRS and the Receiver, no payment of past due employment taxes may be made without express Court approval.

l. **Receiver's Right to Borrow Money.** In the event Receiver determines in its sole business judgment that Company needs more cash in order to adequately maintain the operations of the Property, Receiver is hereby authorized to borrow such funds as may be necessary to pay such costs and expenses on ordinary business terms as Receiver may negotiate and agree. However, any such loan can prime the lien position of any Chatham lien only upon either its consent or upon Court approval after due notice, a hearing, and a Court determination that such loan is in the best interest of the receivership estate with due regard for the rights of all, particularly any secured creditor being primed (the

9

34153704 v3

"**Receivership Loan**"). The Receivership Loan shall be memorialized by a Certificate of Indebtedness and shall bear interest at a reasonable rate, with such lien primed only by the unpaid fees and expenses of Receiver, subject to the rights of secured creditors as provided above. However, no personal recourse shall be had against Receiver with respect to the Receivership Loan, and any lender to the Receiver shall look solely to the Property and Company's assets to satisfy any Receivership Loan.

m. **Payment of Utilities; Maintenance of the Property.** Receiver is authorized to: (1) negotiate and enter into new agreements, and contracts in the ordinary course of the business of the Property; (2) modify existing agreements and contracts in the ordinary course of the business of the Property; (3) pay all utilities, expenses, and other obligations secured by the Property or which may give rise to liens on the Property, and all other outstanding obligations to suppliers and service providers to the Company for goods and services provided in the ordinary course of business as set forth in subsection (p) herein; and (4) make repairs necessary to the maintenance of the Property in the ordinary course of business in order to preserve the Property.

n. **Application of Income from the Property**. Receiver shall apply income from the Property as set forth elsewhere herein and, subject to the lien rights of secured creditors, and to the extent cash is available, as follows: (1) Receiver's approved fees and expenses; (2) the current operating expenses of the receivership in the ordinary course of the business and Receiver's professionals; (3) to a reserve account of $100,000 to cover upcoming expenses; and (4) to the extent funds remain after payment of the foregoing items, a weekly amount, as stipulated in the budget may be paid to Chatham, plus Chatham's reasonable attorneys' fees (subject to the provisions of paragraph 6(d) below).

34153704 v3

Receiver is permitted to maintain sufficient cash on hand to enable Receiver to meet those expenses. Proceeds from the sale or other disposition of Property shall not constitute "income" from such Property for purposes of this paragraph.

o. **Accounting**. Beginning in September 2019, on or before the 15th day of each month, Receiver shall make an accounting of all revenues collected and all fees and expenses paid for the previous month and shall file said accounting with the Court and shall serve upon Chatham's counsel and the Defendant Notice Parties, a copy of said accounting, and also to all other parties who appear in this proceeding and who request notice. Upon request from Chatham, Receiver shall supply accounting reports for any prior period. Receiver shall file a final report within sixty (60) days after the termination of the receivership's operations.

p. **Payment of Expenses Incurred in Running the Business After the Receiver is Appointed**. Receiver is permitted to pay all expenses incurred on or after the date Receiver is appointed in the normal and ordinary course of business of the Property. To the extent the income from the Property is not sufficient to pay the expenses of operating the business, Receiver may seek a Receivership Loan as set forth above. All fees and expenses of Receiver shall constitute a first lien and charge against the Property, with priority ahead of all other liens and security interests, including without limitation the liens and security interests of secured lenders and all other creditors. Except as provided herein, the Receiver shall not be obligated to pay any expenses incurred with regard to the Property or the operations of the Company prior to Receiver taking possession of the Property, nor shall Receiver be required to use any revenues in payment of such expenses. **The Receiver shall pay salaries and wages of all employees incurred prior**

11

34153704 v3

**to the beginning of the receivership in the ordinary course of Company' business within the month immediately preceding the Receiver's appointment and the employment taxes due in connection with these payrolls.** Receiver may, in Receiver's sole and absolute discretion, pay other expenses that were incurred in the normal and ordinary course of business of the Property and that were incurred prior to Receiver taking possession of the Property if, and only if, the payment of any such pre-receivership expenses or ongoing payments in long term contracts is necessary and essential to the ongoing operation of the Company (e.g., utilities, leases, executory contracts, and mortgages). It shall be incumbent upon Receiver, in Receiver's sole and absolute discretion, to make a determination as to which expenses, if any, incurred prior to the Receiver's taking possession of the Property were incurred in the normal and ordinary course of business and the payment of which is necessary and essential to the ongoing operation of the Company. Subject to Court intervention, the Receiver's determination of such is binding on the parties hereto. The Receiver may in its reasonable discretion pay past due and ongoing lease and mortgage payments, and may also renegotiate same in its reasonable discretion.

q. **[intentionally left blank]**

r. **Compliance with Laws.** Receiver shall take reasonable actions to ensure that it complies with all laws and regulations, particularly those applicable to Company's liquor licenses. All governmental agencies shall deal with the Receiver, or Receiver's designee, as the sole representative of the Company.

s. **Receiver's Liability**. Except in the event of gross negligence, willful misconduct, or actions in violation of orders of the Court, Receiver (and its representatives, employees,

34153704 v3

agents and professionals) shall have no personal liability for any obligations incurred in the course of the receivership, any and all such liabilities being limited to the assets (including the cash and cash equivalents) received and generated by Receiver in the course of the receivership, subject to the existing lien of secured creditors. Receiver shall have no liability with respect to taxes incurred prior to the receivership. Pre-receivership taxes may be paid from proceeds of the sale of the Company' assets in accordance with the priority owed to such taxes. Chatham will indemnify and hold Receiver harmless from any and all claims and demands from the commencement of this case until the termination of the receivership, except in connection with any willful misconduct or gross negligence by Receiver.

t.  **Receiver's Authority**. The authority granted to Receiver is self-executing.

u.  **Payment of Secured Debt**. Unless otherwise ordered by the Court, the Receiver shall, after payment of any applicable obligations to the Receiver specified in paragraph 6.e. herein, and costs and expenses necessary to close the sale of any Property, pay the net proceeds from any such sale to satisfy all or a portion of any undisputed liens on or security interests in such Property in their order of priority. If any interested party files a written objection to the proposed allocation of net proceeds from any sale at least five (5) business days prior to the closing (or as may otherwise be agreed to by the Receiver), the Receiver shall segregate the net proceeds from the sale pending a further Order of the Court. No payments to a secured creditor from the proceeds of that creditor's collateral shall constitute a violation of 31 U.S.C. § 3713.[1]

---

[1] 31 U.S.C. § 3713 provides:

(a) (1) A claim of the United States Government shall be paid first when --
    (A) a person indebted to the Government is insolvent and --

13

34153704 v3

v. **Receiver to Maintain Separate Accounts and Records**. To the extent reasonably practicable, the Receiver shall maintain separate accounts and records for each of the Company and, unless otherwise authorized by the Court, shall use its best efforts to insure that no assets, income, or proceeds from sales of any assets of one of the Company are comingled or combined with the assets, income, or proceeds from sales of any assets of other of the Company.

5.    Receiver's appointment is effective immediately upon entry of this Order, and Receiver shall be authorized, subject to control of this Court, to do any and all of the above acts necessary to the proper and lawful conduct of the receivership, provided that within fourteen (14) days of the date hereof, Receiver shall post a bond in the amount of $100,000.00 (One hundred thousand dollars) conditioned upon its performance of its duties as set forth herein. The cost of this bond shall be borne exclusively by Chatham subject to further orders of this Court.

6.    To ensure the orderly operation of the receivership and maximize the value of the assets, Receiver's proposed fee arrangement as set forth in the Motion for Receiver is approved, and Receiver shall be compensated as follows:

a.    Receiver shall be paid a fee based on the hourly rates of its internal professionals, not exceeding $350 per hour. Receiver and its supporting staff shall be

---

(i) the debtor without enough property to pay all debts makes a voluntary assignment of property;
(ii) property of the debtor, if absent, is attached; or
(iii) an act of bankruptcy is committed; or
(B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.
(2) This subsection does not apply to a case under title 11.
(b) A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

Case law provides that the government's priority claim is subject to "definite" liens, in which the identity of the lienor, the amount of the lien, and the property to which the lien attaches are known. See Illinois ex rel. Gordon v. Campbell, 329 U.S. 362 (1946).

14

34153704 v3

reimbursed for all reasonable out-of-pocket expenses, including travel expenses, reasonably incurred in the discharge of its rights and duties as Receiver, and any professional fees and expenses incurred by outside professionals retained by Receiver in its sole discretion, all of which shall be deemed to be "expenses" of Receiver under this Court;

b.  Receiver shall be entitled to retain such professionals, including attorneys, on such terms and conditions as Receivers deems necessary in connection with the performance of Receiver's duties hereunder, and may provide reasonable retainers to such professionals to secure their services without seeking separate approval of the Court. Receiver and Receiver's retained professionals shall prepare periodic statements of services rendered and time expended during the course of the receivership. Those periodic statements shall be filed with the Court and made available to the parties in this litigation;

c.  Unless a party files a written motion objecting to the payment of a periodic Receiver's invoice within fourteen (14) calendar days of filing of the invoice, Receiver is authorized to pay: (i) fifty percent (50%) of Receiver's fees, (ii) ninety percent (90%) of any retained professional's fees, and (iii) one-hundred percent (100%) of expenses in the invoice. In the event that a written objection to the payment of the invoice is timely made with Receiver and the Court, the objection should be set for hearing by the objecting party as soon as practicable;

d.  If a timely objection is filed, then until an order is entered concerning the objection is entered, Receiver shall be authorized to pay only forty percent (40%)

15

of the fees stated in the invoice at issue and shall hold back payment of the rest; and

e.  Upon the sale of all assets or other resolution of the receivership, this receivership shall terminate without further order of the Court. Upon termination of the receivership, and subject to filing of final tax returns, each of the Defendants shall be deemed dissolved. In such event, the remaining balance of the fees owed to Receiver and its professionals shall be paid prior to the final report or dismissal of the receivership.

7.  Receiver will provide periodic updates to the Court apprising the Court of the status of the Receiver's efforts to sell the Property. As soon as reasonably practicable, the Receiver shall file under seal an inventory of all assets of the Defendants of which the Receiver has taken into its possession and shall provide such inventory to any party in interest upon request; provided, however, that the Receiver makes no representations as to the realizable value of any such assets.

8.  Because of the large size of this multi-state receivership, the ten (10) day period for filing companion proceedings in other districts contained in 28 U.S.C. § 754 is extended to sixty (60) days.

9.  Receiver may, in its sole and absolute discretion, resign its office as Receiver by providing not less than thirty (30) days written notice to counsel for Chatham and the Company, and by filing such notice with this Court.

10.  Nothing in this Order modifies, amends, or limits in any way whatsoever the rights and remedies of Chatham under the Loan Documents, including, but not limited to, its right to foreclose on any or all of the Property at any time, its right to payment of all proceeds

16

arising from the sale of any or all of the Property prior to all other creditors, its right to approve sales contracts, its right to inspect books and records, its right to exercise its other rights and remedies under the Loan Documents, and its right to refuse to release its interest in the Property. This Order expressly contemplates that, during the pendency of the receivership created hereunder, Chatham may conduct a foreclosure sale and transfer title in and to the Property under the powers provided in the Loan Documents.

11.     The liability of Receiver and its professionals, agents, representatives, employees, affiliates, successors, and assigns, for any and all claims, liabilities, damages, fees, costs, expenses, and charges incurred or arising from their respective acts or omissions in connection with Defendants, this Order, the receivership established pursuant to this Order, and/or the Property, shall exist only to the extent that this Court determines by a final and non-appealable judgment that such acts or omissions resulted solely from such person's bad faith or gross negligence. Any such liability shall be paid as an expense of the receivership when and as incurred. This provision shall survive the termination or resignation of Receiver, and the termination or suspension of the receivership.

12.     Unless such party first obtains prior permission from this Court, in order to promote judicial economy, all persons, partnerships, firms, corporations, creditors, claimants, parties in interest, and entities are hereby enjoined and stayed from (a) commencing or continuing any action at law or suit or proceeding in equity against the Defendants, the Property or the Receiver, (b) proceeding to place an involuntary lien upon or levy upon the Property, (c) interfering with Receiver's exclusive possession of the Property, or (d) its carrying out of any duty under this Order including the cancellation or assignment of any executory contracts, leases, permits, licenses, or other rights held by any of the Company during the pendency of this

17

receivership. Any interested party may appear and pursue in this court any claim it may have against any of the Company, including seeking to remove its collateral or other assets from the Receiver's control, cancelling executory contracts, leases, insurance and the like.

13.    All third parties (including but not limited to financial institutions) in possession of any Property subject to this Order are hereby ordered to turn over such assets to Receiver within seven (7) business days of receipt of a copy of this Order.

14.    The Court shall retain jurisdiction and supervision of all matters concerning the Receiver and the receivership.

15.    Defendants and their respective agents, contractors, employees, officers, directors, affiliates and principals, and all persons acting under their direction or on their behalf, are restrained and enjoined from violating the terms of this Order until such time as the Receiver is discharged pursuant to a further order from this Court.

16.    Chatham and Receiver may, from time to time, on an ex parte basis or noticed motion on shortened time, petition this Court for instructions in pursuance of this Order and further orders this Court may hereafter make.

IT IS SO ORDERED this _30_ day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE

18

34153704 v3